I respectfully dissent from the majority's conclusion that the improper admission of the test results indicating that the victim and her mother were infected with chlamydia was not harmless. Under the facts of this case, I do not believe that the improper admission of the test results resulted in substantial injury to Phillips's rights.
In Ex parte Hutcherson, 677 So.2d 1205, 1209
(Ala. 1996), this Court held that the improper admission of "both `DNA matching' evidence and DNA population frequency statistics" created a prejudicial error that did result in substantial injury. In Hutcherson, this Court recognized that the admission of the DNA test results and the testimony of the forensic scientist presented scientific testimony establishing that "the semen found in the victim's rectum `matched' [the defendant's]," 677 So.2d at 1209, and, consequently, that this improperly admitted scientific evidence, which identified the defendant as the victim's attacker, contributed to the defendant's conviction and was not harmless.
Here, I conclude that the improper admission of the test results, which were based on a DNA probe, was harmless error. Unlike the DNA test results in Hutcherson, which resulted in the admission *Page 167 
of evidence that the defendant's DNA matched the DNA in the semen found in the victim's body, the DNA test results in this case established only that both the victim and the victim's mother were infected with a sexually transmitted disease. The improperly admitted scientific evidence did not identify Phillips as the source of the infection in either the victim's mother or the victim. I recognize that the victim's mother testified that Phillips was the only possible source of her infection. However, in my opinion the mother's testimony and the test results in this case, unlike the testimony and evidence in Hutcherson, which with a degree of scientific certainty identified the defendant as the offender, do not establish prejudice that resulted in substantial injury to Phillips. I have reviewed the evidence in this case, and I conclude, as did the Court of Criminal Appeals, that the improper admission of the test results was harmless beyond a reasonable doubt.
SMITH, BOLIN, and PARKER, JJ., concur.